# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| GARY W. SCOTT,<br>          Appellant, | DOCKET NUMBER<br>DA-844E-21-0008-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>   MANAGEMENT,<br>          Agency. | DATE:  February 6, 2025 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Gary W. Scott</u>, Cibolo, Texas, pro se.

<u>Linnette Scott</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman*
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

*The Board members voted on this decision before January 20, 2025.

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM) denying his application for disability retirement benefits under the Federal

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

Employees' Retirement System (FERS). For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

OPM denied the appellant's application for disability retirement benefits under FERS in a reconsideration decision dated September 15, 2020. Initial Appeal File (IAF), Tab 8 at 4-7. The appellant filed a timely Board appeal of OPM's decision. IAF, Tab 1. He registered as an e-filer. *Id.* at 2. In a June 9, 2021 initial decision, the administrative judge affirmed OPM's reconsideration decision. IAF, Tab 20, Initial Decision (ID). The administrative judge informed the appellant that the initial decision would become final on July 14, 2021, unless a petition for review was filed by that date. ID at 16.

The appellant filed his petition for review on July 26, 2021. Petition for Review (PFR) File, Tab 1. The Acting Clerk of the Board issued an acknowledgment letter informing the appellant that his petition for review was untimely filed because it had not been postmarked or received by July 14, 2021, the 35th day following the issuance of the initial decision. PFR File, Tab 2 at 1. The letter informed the appellant of the requirement that he file a motion for the Board to accept the filing as timely or waive the time limit for good cause. *Id.* at 1-2. The appellant timely filed the required motion. PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if the appellant shows that the initial decision was received more than 5 days after the initial decision was issued, within 30 days after the date the appellant received the initial decision. 5 C.F.R. § 1201.114(e). The Board will waive this time limit only upon a showing of good cause for the delay in filing. 5 C.F.R. § 1201.114(g). To establish good cause for the untimely filing of a petition for review, a party must show that he exercised

due diligence or ordinary prudence under the particular circumstances of the case. *Rivera v. Social Security Administration*, 111 M.S.P.R. 581, ¶ 4 (2009) (citing *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980)). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Id.* (citing *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table)). To establish good cause to excuse an untimely filed petition for review based on mental or physical incapacity, the appellant must (1) identify the time period during which he suffered from the illness; (2) submit corroborating evidence showing that he suffered from the alleged illness during that time period; and (3) explain how the illness prevented him from timely filing his petition or request for an extension of time. *Jordan v. U.S. Postal Service*, 83 M.S.P.R. 500, ¶ 12 (1999) (citing *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998)).

The certificate of service for the initial decision indicates that the appellant was served a copy of the initial decision by email on June 9, 2021. IAF, Tab 21. As noted above, and as the administrative judge informed the appellant in the initial decision, the deadline for filing a petition for review was July 14, 2021. ID at 16. The appellant e-filed his petition for review on July 26, 2021. PFR File, Tab 1. Thus, he filed his petition for review 12 days late.

In the appellant's motion for the Board to accept his filing as timely or waive the time limit, he claims that he did not receive an email from the Board prompting him to check the e-Appeal repository for the initial decision. PFR File, Tab 3 at 4. He states that he "decided to check the website on the 20th of [August]" and that he thought from reading the initial decision then that he had

until 30 days after July 14, 2021, to submit his petition for review. *Id.* He claims that his diagnosed deficit in attention and concentration made it difficult to understand the initial decision and led to him filing his petition for review late. *Id.* We are not persuaded.

As noted above, the certificate of service for the initial decision indicates that the regional office served the initial decision on the appellant by email. IAF, Tab 21. As also noted above, the appellant registered as an e-filer, and doing so constitutes consent to accept electronic service of documents issued by the Board. 5 C.F.R. § 1201.14(e)(2).[2] When Board documents are issued, e-Appeal—where all documents issued by the Board are made available for viewing and downloading—will send an email notification to parties who are e-filers. 5 C.F.R. § 1201.14(e)(4), (i)(1).

Regarding the appellant's claim that he did not receive an email from the Board prompting him to check for documents, Board documents served electronically on registered e-filers are deemed received on the date of electronic transmission. *Lima v. Department of the Air Force*, 101 M.S.P.R. 64, ¶ 5 (2006); 5 C.F.R. § 1201.14(*l*)(2). When a statute or regulation "deems" something to be done or to have been done, the event is considered to have occurred whether or not it actually did. *Lima*, 101 M.S.P.R. 64, ¶ 5. Thus, as a registered e-filer, the appellant received the initial decision as a matter of law on June 9, 2021, the date on which the Dallas Regional Office served it on him. IAF, Tab 21.

Although the 12-day filing delay in this case is not all that lengthy, it is not minimal. *See Rothlisberger v. Department of the Army*, 113 M.S.P.R. 450, ¶ 7 (2010) (finding that a 14-day filing delay, although not very lengthy, was not minimal); *Gonzalez v. Department of Veterans Affairs*, 111 M.S.P.R. 697, ¶ 11 (2009) (finding that an 8-day filing delay, although not especially lengthy, was

---

[2] We have cited current versions of applicable Board regulations, which reflect non-substantive changes to previous versions of those regulations not affecting the outcome of this appeal. *See* 88 Fed. Reg. 67,055, 67,056-57 (Sept. 29, 2023); 77 Fed. Reg. 62,350, 62,364 (Oct. 12, 2012); 73 Fed. Reg. 10,127, 10,129-30 (Feb. 26, 2008).

not minimal). Nevertheless, the appellant's assertion that he decided to check the Board's website for documents on August 20, 2021, and his explanation that he thought that he had 30 days from July 14, 2021, to file his petition for review do not show that he exercised the due diligence or ordinary prudence required under the circumstances. PFR File, Tab 3 at 4. Under the appellant's explanation, he filed his petition for review on July 26, 2021, even though he asserted that he did not receive the initial decision until August 20, 2021. PFR File, Tab 1, Tab 3 at 4. The appellant's assertions on review, in and of themselves, do not provide good cause for the untimely filing of his petition for review. This is the case even though we acknowledge the appellant's pro se status. *See Kennedy v. Department of Defense*, 100 M.S.P.R. 308, ¶ 9 (2005) (finding an absence of good cause for an untimely filed petition for review despite the appellant's claims that she was pro se and was not "fully aware of the procedures" for filing a petition for review or requesting an extension of time). The Board's regulations provide that e-filers are responsible for ensuring that Board emails are not blocked by filters, as well as for monitoring e-Appeal case activity regularly to ensure receipt of all case-related documents. 5 C.F.R. § 1201.14(i)(2)-(3). The appellant's assertions indicate a failure to diligently fulfill one or both responsibilities. Finally, the medical record that supports the appellant's attention and concentration deficit predates the deadline for his petition for review by over 8 months and does not shed any light on the effect his conditions had on him during the relevant period or otherwise meet the criteria to excuse an untimely filed petition for review based on mental or physical incapacity. PFR File, Tab 3 at 8-10. The other records the appellant submits predate the filing deadline by an even longer period and fail to show good cause for the same reason. *Id.* at 6-7.

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the

Board regarding the appellant's application for disability retirement benefits under FERS.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]   The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.   The

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:        _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.